## City of Chicago v. William J. English.

80   163
180s 476

1. MUNICIPAL INDEBTEDNESS—*Certificate of Comptroller Not Competent Evidence of.*—The certificate of the comptroller of the city of Chicago is not competent evidence of the bonded indebtedness of the city.

2. EVIDENCE—*Of Municipal Matters.*—The papers, entries, records and ordinances or parts thereof, of any city, may be proved by a copy thereof certified under the hand of the clerk or the keeper thereof, and the corporate seal, if there be any; if not, under his hand and private seal; and such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses.

3. MUNICIPAL CORPORATIONS—*Execution of Leases by.*—The statute (Rev. Stat., Ch. 24, Sec. 14) makes the mayor the chief executive officer of the city and he is the proper officer to execute a lease, having the corporate seal of the city properly affixed by the city clerk.

4. INTEREST—*Municipal Corporations Not Liable for in the Absence of a Contract.*—A city is not liable for interest in the absence of a contract to pay interest.

Covenant, on a lease. Trial in the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed February 9, 1899.

### STATEMENT.

Appellee brought an action against appellant for breach of the covenants of a lease of certain premises in Chicago (describing same) to be used as a water office by appellant

for one year from July 15, 1892, to July 15, 1893, at a yearly rent of $1,000, payable monthly, and providing that unless appellant did, by notice in writing to appellee by April 1, 1893, elect not to extend the lease for one year on the same terms, it should be so extended, and similarly from year to year, and also providing that appellant should pay all water rates or rebate the same. The lease purports to be from appellee to the city of Chicago, and is signed by appellee and by the mayor and comptroller of the city of Chicago, and has affixed thereto the corporate seal of said city.

The first count of the declaration sets up that the lease was extended pursuant to its terms, and breaches of the covenants of the lease in payment of rent; the second count, a breach in failure to pay or rebate $95.72 water rates which appellee paid. The third count sets up a claim for interest on amounts due by reason of breaches of the covenants alleged in the first and second counts. The fourth count is in substance the same as the first, and the fifth for use and occupation of said premises by appellant as an office for the water works of the city, etc., under an indenture executed by appellee to appellant. Appellant pleaded, denying the execution of the leases set out in the different counts, which plea was sworn to, and also that the city council had made no appropriation of moneys to pay the several sums covenanted to be paid by it, or any of them, and that at and previous to the time of making the said covenants, etc., appellant was indebted in the aggregate exceeding five per cent on the value of its taxable property, etc.

A trial was had before the court, without a jury, which resulted in a finding and judgment for appellee of $2,432, from which this appeal is taken.

It appears from the evidence that the seal of the city of Chicago was affixed to said lease by the city clerk; that the premises were used by the city as a water office for the collection of water rents under the water system of Chicago from July 15, 1892, to the time of trial; that it was

City of Chicago v. English.

known as the water office in the town of Lake, and is so described in the annual appropriation bills of the city; that no appropriation was made to appellee individually, but an appropriation was made for rent of the town of Lake water office sufficient to cover the amount of rent due each year under said lease during the whole of the period of the lease up to the time of trial, and there was a surplus in the water fund of the city of Chicago from January 1, 1892, to 1898, of at least $48,000, at all times.

Appellant paid rent to appellee for the demised premises by vouchers to appellee, payable out of its surplus water fund, up to May 1, 1895, but it gave no notice at any time that said lease should not be extended. By reason of appellant shutting off the water on said premises, appellee was compelled to and did pay, under protest, for water rents thereon, $95.72, November 9, 1896. No payment of rent was made after May 1, 1895.

Appellant proved the assessed valuation of property in Chicago for the years 1891–'97, both inclusive, and offered to prove the bonded indebtedness of the city on January 1, 1892, and on June 4, 1894, this being the date of the lease from appellee, by a certificate of the comptroller of the city, but the court rejected the offered certificate, and appellant excepted. The certificate which was offered and appears in the record, purports to show the bonded indebtedness of the city on the 1st day of January of each of the years 1891–'98, inclusive, and also on June 4, 1892, and July 9 and 12, 1894, but no other evidence was offered as to the bonded indebtedness of the city.

Charles S. Thornton, corporation counsel, and Thomas J. Sutherland, attorneys for appellant.

W. S. Hefferan, attorney for appellee.

Mr. Presiding Justice Windes delivered the opinion of the court.

Appellee made a motion to dismiss this appeal for want

of jurisdiction, claiming that there was involved in the appeal a construction of section 12, article 9, of the Constitution of this State. The decision of the motion was reserved to the final hearing, but must be denied. The ground of appellee's motion is, that as appellant pleaded that it was indebted in the aggregate exceeding five per cent on the value of taxable property in the city, as ascertained by the last assessment for State and county taxes previous to the making of the lease which is the basis of the suit, the issue presented requires a construction of the Constitution. However that may be, there is no evidence in the record which tends to prove the issue presented by the plea, and therefore the question is not in the case.

The certificate of the comptroller of the city of Chicago was not competent evidence of the bonded indebtedness of the city, and was therefore properly excluded by the court. Sec. 14, Ch. 51, Rev. Stat., provides, viz.: "The papers, entries, records and ordinances, or parts thereof, of any city, village, town or county, may be proved by a copy thereof certified under the hand of the clerk or the keeper thereof, and the corporate seal, if there be any; if not, under his hand and private seal;" and Sec. 18 provides that "any such papers, entries, records and ordinances may be proved by copies examined and sworn to by credible witnesses."

A compliance with one or the other of these sections of the statute, or a production of the record itself, unless destroyed, was necessary in order to prove what was shown by the city records. If the comptroller attempts to certify as to the records, his certificate must be of a copy of the records, or it is not competent evidence. East St. Louis v. Freels, 17 Ill. App. 341; Schott v. People, 89 Ill. 198; Mandel v. Swan Land Co., 154 Ill. 189.

In so far as the holding in E. St. L., etc., Co., v. E. St. Louis, 45 Ill. App. 601, may conflict with our conclusion above stated, we must decline to follow it, as we are clearly of opinion that the certificate here in question is of a conclusion, and not of a copy of the records of the city.

The contention of appellant that the lease was not proven

is not tenable. The statute (Rev. Stat., Ch. 24, Sec. 14,) makes the mayor the chief executive officer of the city. He is the proper officer to execute the lease, and it, having the corporate seal of the city attached, which, as was testified to, was affixed by the city clerk, was properly admitted in evidence. 1 Dillon on Mun. Corporations, Secs. 208 and 452; Kinzie v. Chicago, 2 Scam. 188; Mott v. Danville Semy., 129 Ill. 412; Smith v. Smith, 62 Ill. 496; Mitchell v. Deeds, 49 Ill. 424.

The evidence is sufficient that an appropriation was made and therefore that contention can not avail appellant.

There seems to have been included in the finding and judgment of the court, $2.95 for interest. This was error, as the city is not liable for interest in the absence of a contract to pay interest. City of Pekin v. Reynolds, 31 Ill. 530; Vider v. City of Chicago, 164 Ill. 357.

If appellee will remit $2.95 from his judgment within ten days, it will be affirmed for $2,429.05, appellant not to recover costs; otherwise it will be reversed and the cause remanded.

Affirmed on remittitur.